IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEVON POWELL | * | |
| *Petitioner*, | * | |
| v. | * | Criminal Action No. RDB-19-568 |
| | | Civil Action No. RDB-24-1092 |
| UNITED STATES OF AMERICA, | * | |
| *Respondent.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

On September 1, 2022, Petitioner Devon Powell ("Powell" or Petitioner") pled guilty to conspiracy to Counts One and Two of the Superseding Indictment, which charged him with conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d), and conspiracy to distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. § 846, respectively. (ECF No. 288.)[1] On April 5, 2023, this Court sentenced Powell to 235 months' incarceration as to Count One and 235 months as to Count Two to run concurrent for a total term of 235 months, which was within the Advisory Guideline Range. (ECF No. 421.) Powell was given credit for time served since October 24, 2019, to be followed by five years of supervised release. (*Id.*)

Presently pending before this Court is Powell's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 445), which he filed on April 11, 2024. Through his *pro se* filing, Powell requests that this Court grant him relief

---

[1] This guilty plea was entered before U.S. District Judge Catherine C. Blake. The case was reassigned to the Undersigned Judge on October 11, 2022.

contending that his counsel was ineffective for failing to raise three issues: disputing the attempted murder charge, noting the disparity among his co-defendants, and classifying some of the crimes within the drug conspiracy as past rather than present crimes. (*Id.* at 4–5.) The Government responded in opposition on June 21, 2024, and the Petitioner has not filed a reply.  The Government contends that Powell's counsel adequately represented him and that Powell cannot show that the result would have been different had his counsel pursued the arguments that Powell has raised. (ECF No. 453.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons stated herein, Petitioner Devon Powell's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 445) is DENIED.

## BACKGROUND

The following facts were stipulated to by Powell in his plea agreement. (ECF No. 288 at 11–15.) The Eight Tray Gangster Crips ("ETG Crips") were "a violent subset of the Crips gang" that originated in California in the 1970s, eventually operating on the streets and in correctional facilities in Maryland beginning in the 2000s. (*Id.* at 11.) For many years, the ETG Crips controlled the drug trade in particular territories in Baltimore City, including the area around the intersection between West Baltimore Street and South Hilton Street in West Baltimore, the area around the intersection between West Lexington Street and North Fremont Avenue, and the area around the intersection between Frankford Avenue and Sinclair Lane in North Baltimore. (*Id.*) The ETG Crips members from the Baltimore Hilton and Lexington Terrace neighborhoods referred to themselves as the Baccwest ETG Crips and ETG Crips members from the Frankford Sinclair neighborhood called themselves the Nutty

2

North Side ETG Crips. (*Id.*) The two groups worked together for common criminal purposes. (*Id.*) The ETG Crips had their own organization structure, rules of conduct, oath of loyalty, and disciplinary measures. (*Id.* at 11–12.)

According to his guilty plea, Powell was a member of the Baccwest ETG Crips. (*Id.* at 12.) Powell engaged in several crimes in association with this gang. (*Id.* at 12 ("[Powell engaged in] a pattern of racketeering activity that included conspiracy to distribute controlled substances, possession with intent to distribute controlled substances, robbery, and murder.")) Powell had arranged to buy cocaine from an associate in April 2019. (*Id.* at 14.) On separate occasions he agreed to buy a quarter pound of marijuana and implicitly agreed to murder someone.[2] (*Id.*) Powell also attempted to murder another person, Victim 22, shooting him multiple times with a 9mm pistol.[3] (*Id.*)

In his plea agreement, Powell admits that "he conspired with other members of the ETG Crips to distribute heroin and cocaine base in furtherance of the gang, and that it was reasonably foreseeable to him that 100 grams or more of heroin and 28 grams or more of cocaine base would be distributed by members of the conspiracy." (ECF No. 288 at 15.) Powell's racketeering charges included conspiracy to distribute and possess with the intent to distribute heroin and cocaine base, in violation of 21 U.S.C. § 846; distribution and possession with intent to distribute heroin and cocaine base, in violation of 21 U.S.C. § 841; and

---

[2] On April 28, 2019, Powell had a conversation with an unindicted co-conspirator about Victim 21. (ECF No. 288 at 14.) Powell asked the co-conspirator to "let me know what I need to do." (*Id.*) The co-conspirator responded "187," referencing California's penal code section for murder. (*Id.*) Powell responded, "say less." (*Id.*)

[3] More specifically, surveillance footage caught Powell chasing the victim, shooting him, and when the victim had fallen to the ground on his back, standing over the victim and firing further gunshots into the victim's body. (ECF No. 450 at 25.)

conspiracy to commit murder and attempted murder, in violation of Md. Code Ann., §§ 2-201–2-206. (*Id.* at 5.)

During his September 1, 2022 re-arraignment, Powell affirmed on multiple occasions that he was satisfied by his representation. (ECF No. 450 at 10 ("I am completely satisfied with the representation of my attorney."); *see also* ECF No. 448 at 13.) Powell also confirmed to this Court that the Statement of Facts in the Plea Agreement was correct. (ECF No. 448 at 14–15.)

Powell's Presentencing Report calculated an advisory guidelines range of 210 to 262 months based on a total offense level of 34 and a criminal history score of eight, which equated to a Criminal History Category of IV. (ECF No. 397 at 10, 16, 24.) However, both parties and this Court later agreed that the original Presentencing Report had erroneously included charges of the conspiracy into the criminal history. (ECF No. 450 at 16–18 (concluding that paragraphs 64 and 65 of the Presentencing Report (ECF No. 397) should not factor into Powell's criminal history calculation.) Thus, with both parties' consent, this Court lowered Powell's Criminal History to five which equated to a Criminal History Category of III. (*Id.*) Consequently, the sentencing range also decreased to a range of 188 months to 235 months. (*Id.* at 29.) On April 5, 2023, this Court sentenced Powell to 235 months' imprisonment to be followed by five years of supervised release, given the egregious facts of the attempted murder. (ECF No. 450 at 44–46; ECF No. 421.)

On April 11, 2024, Powell filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 445), arguing that his counsel was ineffective for failing to raise several issues that Powell opines, if raised, would have resulted

4

in a different outcome. The Government responded on June 21, 2024, countering that Powell's counsel was not ineffective, rather they achieved meaningful concessions that resulted in a considerably lower sentence. (ECF No. 453.) Powell's Motion is ripe for review.

## **STANDARD OF REVIEW**

As Petitioner has filed his Motion *pro se*, his Motion will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

It is well-settled that a § 2255 motion is not a means to circumvent a proper ruling on appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). A § 2255 motion does not enable the defendant to "recast, under the guise of collateral attack, questions fully considered by [the Circuit Court on direct appeal]." *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Furthermore, as a general rule, "claims not raised on direct appeal may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Thus, a petitioner may raise novel claims only where the petitioner demonstrates both "cause" and "actual prejudice."

*Bousley v. United States*, 523 U.S. 614, 622 (1998).

Conversely, any "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro*, 538 U.S. at 509. An ineffective assistance of counsel claim requires that a petitioner satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first, or "performance," prong of the test requires a showing that counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In assessing whether counsel's performance was unconstitutionally deficient, courts adopt a "strong presumption" that counsel's actions fall within the "wide range of reasonable professional assistance." *Id.* at 688–89. Actions that fall below an objective standard of reasonableness are "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The second, or "prejudice," prong requires that defendant demonstrate that his counsel's errors deprived him of a fair trial. *Id.* To establish this level of prejudice, a petitioner must demonstrate that there is a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Satisfying either of the two parts of the test alone is not sufficient. Rather, a petitioner must meet both prongs of the *Strickland* test to be entitled to relief. *See id.* at 687.

## **ANALYSIS**

Through his § 2255 Motion, Powell requests that this Court vacate his sentence, arguing that his counsel was ineffective for failing to raise three issues: disputing the attempted murder charge, noting the disparity among his co-defendants, and classifying some of the

6

crimes within the drug conspiracy as past rather than present crimes. (ECF No. 445 at 4–5.) At bottom, Powell insufficiently argues that he suffered from ineffective assistance, as each of his three claims fail to pass either prong in the *Strickland* test. His claims are discussed below in turn.

First, Powell claims that his enhancement for first degree attempted murder should have only been first degree assault because the gunshots that he fired struck the victim below the waist. However, this is not a sound legal argument. Generally, and as the United States Court of Appeals for the Fourth Circuit has acknowledged, a person intends the natural and probable consequences of their actions. *United States v. Love*, 767 F.2d 1052 (4th Cir. 1985) (citing *United States v. Arthur*, 544 F.2d 730 (4th Cir. 1976)). Shooting someone multiple times at a close range carries the predictable consequence of killing that person. *See Jackson v. Virginia*, 443 U.S. 307, 325–26 (1979) (concluding that a rational factfinder could infer intent to kill from evidence showing that the defendant fired two shots "at close, and thus predictably fatal[] range.") Moreover, the Supreme Court has previously held defense counsel deficient for advising his client that he could not be convicted for assault with intent to murder because the gunshots struck the victim below his waist. *Lafler v. Cooper*, 566 U.S. 156, 174 (2012). Pursuing this argument would have jeopardized Powell in not receiving the three-level reduction he had earned for acceptance of responsibility, ultimately resulting in an increase in his sentence rather than the decrease that Powell imagines. As such, Powell has failed to prove either the performance or prejudice prong of the *Strickland* test.

Second, Powell contends that his counsel failed to raise the issue of sentence disparity, specifically that co-defendants with comparable or greater charges received less time

7

incarceration. (ECF No. 445 at 4.) However, Powell fails to recognize that this Court fully considered the disparity between Powell and his co-defendants at sentencing. (*See* ECF No. 450 at 42–46.) This Court reasoned that Powell held greater culpability than all but one of his co-defendants given that he was the only one to admit to attempted murder. (*See id.* ("You clearly are the second most culpable in the group.").) Powell fails to prove that his counsel was deficient but even if he could meet the first prong, he would fail the second—that but for the counsel's error the result of the proceeding would have changed. *See Strickland*, 466 U.S. at 694. This Court contemplated the issue discussed by Powell, so the result would not have differed even if Powell's counsel had raised a concern which the Court had already addressed.

Finally, Powell contends that the present drug charge was anchored in previous convictions for which Powell had already served his time and completed probation. (ECF No. 445 at 5.) However, Powell ignores that his counsel successfully argued to lower Powell's criminal history score because it included some of Powell's instant offenses (ECF No. 450 at 16–18.) Treating these drug charges as a current conviction and not a previous conviction resulted in a lower criminal history score and approximately a two-year reduction in the sentencing guideline range for Powell. (*Compare* ECF No. 397 at 24 *with* ECF No. 450 at 29.) Therefore, Powell fails to establish either prong of the *Strickland* test under this line of reasoning.

Overall, Powell fails to meet the high bar to show that his counsel was ineffective. In each claim Powell cannot overcome the "strong presumption" that counsel's performance fell within the "wide range of reasonable professional assistance"—as required by the first, performance prong. *Strickland*, 466 U.S. at 688–89. Similarly, Powell fails to establish the

second, prejudice prong which requires a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. While Powell needs to meet both prongs to establish an ineffective counsel claim, Powell meets neither. *See id.* at 687. In fact, his counsel seems to have served Powell admirably by focusing on reputable challenges that reduced Powell's sentence rather than Powell's proposed challenges which likely would have been counterproductive.

## **CONCLUSION**

For the foregoing reasons, the Petitioner Devon Powell's *pro se* Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 445) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a Certificate of Appealability when it enters a final order adverse to the applicant. *See Jackson v. United States*, No. PJM-12-421, 2012 WL 869080, at *1 (D. Md. Mar. 13, 2012). "A Certificate of Appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, the petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463, U.S. 880, 893 n.4 (1983)).

Powell has not made a substantial showing of the denial of a constitutional right because none of his three claims about ineffective counsel meet either prong of the *Strickland*

9

test. *See Strickland*, 466 U.S. at 687–89, 694. Powell's ineffective counsel argument thus is not "sufficiently adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 335–36. Because Powell's motion provides no basis for issuance of a Certificate of Appealability, a Certificate of Appealability is DENIED.

A separate Order follows.

Dated: July 30, 2024

/s/
Richard D. Bennett
United States Senior District Judge